UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Edgar Patricio LATACELA CRESPO <br>     A 079 130 100 <br><br>     Plaintiff <br><br> v. <br><br> KENNETH T. CUCCINELLI, Acting Secretary <br> U.S. Citizenship & Immigration Services <br> 20 Massachusetts Avenue, N.W. <br> Washington, DC 20529 <br><br> KEVIN McALEENAN, Secretary <br> U.S. Department of Homeland Security <br> 245 Murray Lane, S.W. <br> Washington, DC 20528 <br><br> SUSAN QUINTANA, District Director <br> New York Field Office <br> 26 Federal Plaza <br> New York, NY 10278 <br><br> BRIAN MEIER, Director <br> Queens Field Office <br> 26 Federal Plaza <br> New York, NY 10278 <br><br> JEROME WHITE, Acting Deputy Field <br> Immigration & Customs Enforcement <br> 201 Varick Street, Room 1219 <br> New York, NY 10014 | **VERIFIED COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT** |

1

The Plaintiff, Edgar Patricio Latacela Crespo, by counsel, complains of the Defendants, KENNETH T. CUCCINELLI, Acting Director, U.S. Citizenship & Immigration Services; KEVIN McALEENAN, Secretary, Department of Homeland Security; SUSAN QUINTANA, Field Office District Director, New York Field Office, 26 Federal Plaza, New York, NY 10278, and BRIAN MEIER, Field Office Director, Queens, Field Office, JEROME WHITE, Acting Deputy Field Office Director as follows:

## I. PREPARATORY STATEMENT

1. This is a mandamus action to compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's Application to Adjust Status to Lawful Permanent Resident (Form I-485) without further delay.

2. The Plaintiff is the beneficiary of an approved I-130 immigrant visa petition filed by his United States citizen spouse which was approved, and he properly filed an Adjustment of Status application with the Defendant U.S. Citizenship and Immigration Services ("USCIS") on May 4, 2005. The Plaintiff's application remains within the jurisdiction of the Defendants, who have improperly withheld action on the application for an unreasonable period of time, to the detriment of the Plaintiff.

## II. JURISDICATION

3. This is a civil action brought pursuant to 28 U.S.C. Section 1361 ("The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer of employee of the United States or any agency thereof to perform a duty owed to the Plaintiff."). Jurisdiction is further conferred by 8 U.S. C. Sec. 1329 (jurisdiction of the district courts) and 28 U.S.C Sec 13331 (federal subject matter jurisdiction).

4. Jurisdiction is also conferred pursuant to 5 U.S.C. Sections 555(b) and 702, the Administrative Procedure Act ("APA'). The APA requires USCIS to carry out its duties within a reasonable time. 5. U.S.C. Sec 550 (b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. Sec. 555(b). See Trudeau v. FTC, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. Sec. 1331, to review the Plaintiff's complaint for declaratory and injunctive relief against federal agency); Liberty fund, Inc. v. Chao, 394 F. Supp. 2d 105, 114 (D.D.C, 2005) ("The Administrative Procedure Act requires an agency to act 'within a reasonable time,' 5 U.S.C. Sec. 555(b), an authorizes a reviewing court to 'compel agency action…unreasonably delayed.' 5 U.S.C. Sec. 706(1).").

5. Section 242 of the Immigration and Nationality Act ("IINA"), 8.U.S.C. Sect. 1252, does not deprive this Court of jurisdiction. INA Sec 242(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present section does not seek review of a removal order, but simply is an action to compel USCIS to adjudicate the Plaintiff's unreasonably delayed application, this court retains original mandamus jurisdiction under 28 U.S.C. Sec 1631. See Liu v. Novak, 509 F. Supp. 2d 1, 5 (D.D.C. 2007)("[T]here is … significant district court authority  holding that [8 U.S.C.] § 1252(a)(2)(B)(ii) does not bar judicial review of the pace of application processing or the failure to take action.").

6. Furthermore, INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal,

or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because adjudication of a properly filed Adjustment of Status application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Liu*, 509 F. Supp. 2d at 9 (holding that "the Court does have jurisdiction over Plaintiff's APA claim that defendants have unreasonably delayed adjudicating his application" for Adjustment of Status); *see also Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application."). Numerous federal district courts have ruled that adjudication of a properly filed Adjustment of Status application, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. *See, e.g., Shahid Khan v. Scharfen*, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2*Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540 (S.D.N.Y. 2008); *Jones v. Gonzales,* Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

7. Both the regulations and the INA provide numerous examples of duties owed by USCIS in the Adjustment of Status process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The Code of Federal Regulations provides that "[e]ach applicant for Adjustment of Status . . . *shall* be interviewed by an immigration officer." 8 C.F.R. § 245.6 (emphasis added). The regulations further provide that "the applicant *shall* be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i) (emphasis added). The language of the statute and the above cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the applications for Adjustment of Status pending before them. *See Matter of Sealed Case,* 151 F.3d 1059, 1063 (D.C. Cir. 1998); *see also First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

8. As set forth below, the delay in processing the Plaintiff's properly filed application for Adjustment of Status is unreasonable.

### III. VENUE

9. Venue is proper under 28 U.S.C. § 1391(e), because this is an action against officers and agencies of the United States in their official capacities, brought in the district where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred. The Defendant, Kevin McAleenan, is sued in his official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"), a United States federal agency and resident in this district. The Defendant Kenneth T. Cucchinelli, is sued in his official capacity as Director of the USCIS. Because national policy concerning adjudication of applications for immigration

benefits – including Adjustment of Status – is formulated by DHS and implemented by USCIS, venue is proper in this district.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus.

The Plaintiff is owed a duty – the adjudication of his properly filed application to adjust status, which has been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the Plaintiff's application. The Plaintiff has no other adequate remedy available for the harm he seeks to redress – the failure of USCIS to process his application to adjust status in a timely manner.

## V. PARTIES

11. The Plaintiff, Edgar Patricio Latacela Crespo is presently detained in the Hudson County Detention Center in Kearney, New Jersey. He was born in Ecuador in 1976 and is a citizen of Ecuador. His alien number is A 079 130 100.

12. The Defendants, KENNETH T. CUCCHINILLI, Acting Director, USCIS; KEVIN McALEENAN, , Secretary, DHS; SUSAN QUINTANA, Field Office Director, New York City, BRIAN MEIER, Field Office Director, Queens, and JEROME WHITE, Acting Deputy Field Office Director, Immigration & Customs Enforcement, New York District, are charged by law with the statutory and regulatory obligation to perform background security checks and determine eligibility for Adjustment of Status to lawful permanent resident, pursuant to INA §§ 103 and 245, 8 U.S.C. §§ 1103 and 1255, and 8 C.F.R. §§ 245.2(a)(5)(i) and 245.6. USCIS received the Plaintiff's application for Adjustment of Status on November 8, 2018. USCIS is the

agency of DHS responsible for adjudicating Adjustment of Status applications under the INA and has the sole authority to do so, pursuant to 8 C.F.R. § 245.2(a)(1) (requiring any alien who believes he meets the eligibility requirements of Section 245 of the Act to apply to the director having jurisdiction over his place of residence).

### VI. FACTS AND PROCEDURAL HISTORY

13. The Plaintiff, Edgar Patricio Latacela Crespo, came to the United States on October 8, 1994 on a visitor's visa. He married Edna Gaiten, an American citizen, on July 16, 2011. He had been previously married in the United States and had filed an application for Adjustment of Status which was denied on July 27, 2004. During the pendency of that application he received an Advance Parole, and reentered the United States on February 5, 2002, and was classified as an "arriving alien." The application for Adjustment of Status based upon the present marriage was denied on July 31, 2017, and as a result of arrests for assault, he was detained by Immigration & Customs Enforcement and placed in removal proceedings. On December 18, 2018 he was ordered removed by Judge Mimi Tsankov of the Immigration Court.

14. On November 8, 2018 the Plaintiff filed an application for Adjustment of Status as an arriving alien based upon an approved visa petition by his present U.S citizen wife. The Immigration Court had no jurisdiction to adjudicate the application for Adjustment of Status because the alien's last entry was as an arriving alien. An adjustment hearing was scheduled before the U.S Citizenship & Immigration Services on May 20, 2019. At that time his attorney was advised that his immigration file was in the custody of Immigration & Customs Enforcement, 201 Varick Street, New York City, NY 10014, and would be requested, and as soon as it arrived at 26 Federal Plaza, a hearing would be scheduled.

15. The Adjustment of Status is based upon the approved I-130 visa petition.

16. His legal representative has made numerous written and in person status inquiries with USCIS and the Office of Detention and Removal about the transfer of the file and the scheduling of the appointment. Those inquiries include letter communications to the Queens Field Office Director, and Acting Field Office Director of Detention and Removal Operations, as well as the Supervising Immigration Services Officer of the Queens Field Office and five personal appearances. No action was taken to adjudicate this matter.

17. The scheduling of an appointment is important as the Plaintiff is in the process of being removed to Ecuador pursuant to his Order of Removal, and he is eligible for relief pursuant to an Adjustment of Status application even with the Order of Removal.

18. The Plaintiff is entitled to adjust his status to lawful permanent resident pursuant to INA § 209, 8 U.S.C. § 1159. He is prepared to present all necessary evidence establishing that he is not inadmissible under INA § 212(a)(3)(B), as he has never participated in or knowingly provided material support for any terrorist activities.

19. The Defendant USCIS has unreasonably failed to issue a final decision on Plaintiff's Application for Adjustment of Status. He requests that this Court instruct USCIS to adjudicate the I-485 application without further delay.

## VII. CAUSE OF ACTION

20. The Plaintiff is entitled to adjust his status to lawful permanent resident pursuant to INA § 209, 8 U.S.C. § 1159. He is prepared to present all necessary evidence establishing that he is not inadmissible under INA § 212(a)(3)(B), as he has never participated in or knowingly provided material support for any terrorist activities.

21. The Plaintiff is in imminent danger of being removed from the United States which would deprive him of the right to residence in the United States with his wife and children. The Defendants have sufficient information to determine the Plaintiff's eligibility for Adjustment of Status pursuant to applicable requirements. Notwithstanding, the Defendant USCIS has unreasonably delayed and refused to adjudicate the Plaintiff's application to adjust status, thereby depriving the Plaintiff of his right to a decision on his immigration status and the peace of mind to which he is entitled.

22. The Defendants" inaction in the Plaintiff's case has caused inordinate and unfair amounts of stress, expense, and hassle for the Plaintiff, who is entitled to a decision on his application to adjust status without further unreasonable delay.

## VIII. CLAIMS

23. A mandamus Plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); *see also Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that ""the statutory duty involved [in such cases] …does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)); *Aslam*, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has a legal obligation to adjudicate Aslam's petition within a reasonable period of time."). The Plaintiff clearly meets all of these criteria.

24. The Plaintiff has fully complied with all of the statutory and regulatory requirements for seeking Adjustment of Status, including submission of all necessary forms and supporting documents.

25. The Defendant USCIS has unreasonably failed to adjudicate the Plaintiff's application to adjust status, thereby depriving the Plaintiff of his rights under INA § 209, 8 U.S.C. § 1159. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

26. The Defendants owe the Plaintiff a duty to adjudicate his Adjustment of Status application, pursuant to the INA and its implementing regulations, and have unreasonably failed to perform that duty. *See, e.g.*, **Northern States Power Co. v. U.S. Dep't of Energy**, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). The Plaintiff has no alternative means to obtain adjudication of his I-485 adjustment application and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); *see also Power*, 292 F.3d at 784; *Matter of Sealed Case,* 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist); *Liberty Fund, Inc.*, 394 F. Supp. 2d at 114 (same).

27. The Court's intervention is also appropriate because Defendants have failed to act within

a reasonable period of time. *See, e.g., Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). The Plaintiff has waited for adjudication of his pending I-485 application, well beyond the agency's own published processing timeframe for such applications. This is an unacceptable and unreasonable delay.

28. The Plaintiff is entitled to action on his long-pending Adjustment of Status application, because an unreasonable amount of time has passed since his application was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff.

29. Defendants" delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## IX. PRAYER

WHEREFORE , the Plaintiff prays that this court:

1. Compel the Defendants and those under them to take all appropriate actions to adjudicate The Plaintiff's I-485 Application to Adjust Status without further delay;
2. Grant attorney's fees and costs of court to the Plaintiff under the Equal Access to Justice Act ("EAJA');

3. Enjoin the defendant from removing the Plaintiff from the United States until a hearing has been scheduled and his interview for Adjustment of Status has been scheduled.

4. Grant such and further relief as this Court deems proper.

Dated: August 9, 2019
      New York, NY

Respectfully submitted,

Stanley A. Cohen
Cohen & Tucker
1501 Broadway, Suite 1912
New York, NY 10036
(212) 840-0050